STATE OF NEW MEXICO
COUNTY OF OTERO
TWELFTH JUDICIAL DISTRICT

FILED
DISTRICT COURT OF
OTERO COUNTY, NM

2008 SEP 19  PM 2:45

JAN PERRY

MATTHEW A. St. JOHN,

      Plaintiff,

CLERK_____BY_____

v.

Cause No.: 2008-CV-788
Division: II

DAVID McCOLLEY and
THE SIX UNKNOWN OFFICERS OF THE
ALAMOGORDO DEPARTMENT OF PUBLIC
SAFETY, each in their individual capacities,

      Defendants.

## COMPLAINT

COMES NOW Plaintiff, through counsel, and for his Complaint states as follows:

### Jurisdiction and Venue

1. Plaintiff is a resident of Otero County, New Mexico.

2. The acts complained of occurred in Otero County, New Mexico.

3. Venue is proper in Otero County, New Mexico.

4. The Court has jurisdiction over the parties and the subject matter of this action.

### General Allegations

5. On June 27, 2008, Defendant McColley was dispatched to respond to the Aviator 10 Movie Theater in regards to a male patron in possession of a firearm.

6. After Defendant McColley arrived at the theater, he spoke with Robert Zigmond who was the manager of the theater.

7. Mr. Zigmond reported that the Plaintiff was in line to buy a movie ticket and was seen by customers wearing a firearm on his belt.


EXHIBIT 1

COPY

8. After Speaking with Mr. Zigmond, Defendant McColley, along with six other police officers, confronted Plaintiff and asked if he was wearing a firearm.

9. Plaintiff stated that he was wearing a firearm.

10. Defendant McColley, along with another officer, grabbed Plaintiff's arms and escorted him outside of the movie theater.

11. Plaintiff never consented to having his arms grabbed, his person seized, or being removed from the theater.

12. After the Parties were outside, the Defendants repeatedly asked the Plaintiff why he was in possession of a firearm and invasively searched the Plaintiff's person.

13. Plaintiff responded that he was exercising his Second Amendment right to possess a firearm.

14. At no time during the incident did any of the Defendants reasonably believe that the Plaintiff was violating any law of the United States, the State of New Mexico, or the City of Alamogordo.

15. At all times material hereto, the Defendants were acting under the color of state law.

16. At all times material hereto, the officers were acting as police officers for the City of Alamogordo.

17. At all times material hereto, the Defendants were acting in concert with each other.

18. On August 25, 208, the City of Alamogordo was served with a Notice of Tort Claim by Plaintiff's attorney. A copy of the Notice of Tort Claims is attached hereto, marked as Exhibit "A", and incorporated herein.

## Count I
## Unreasonable Search and Seizure
## Brought under the New Mexico Tort Claims Act and § 42 U.S.C 1983

19. At all times material hereto, the Defendants were acting under color of state law.

20. During the encounter with the Plaintiff, the Defendants never had a reasonable belief that there was criminal activity afoot, that Plaintiff had committed a crime, or that Plaintiff was about to commit a crime.

21. During the encounter with the Plaintiff, the Defendants seized the Plaintiff by grabbing his arms and escorting him outside of the movie theater.

22. During the encounter with the Plaintiff, the Defendants searched the Plaintiff without reasonable suspicion of a crime having taken place and without probable cause to justify the search.

23. The Defendants' actions during the encounter violated the Plaintiff's rights protected by The Fourth Amendment to the United States Constitution.

24. The Defendants' actions during the encounter violated the Plaintiff rights protected by Article II Section 10 of the New Mexico Constitution.

25. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered compensable damages in an amount to be determined at trial.

## Count II
## False Arrest
## Brought Under the New Mexico Tort Claims Act

26. During the encounter, the Defendants grabbed Plaintiff by his arms and escorted him outside of the theater. That act restrained Plaintiff's freedom of movement.

27. Defendants' restraint and seizure of Plaintiff was without privilege and not under the direction of a warrant, with probable cause, or any other proper reason.

28. Defendants' actions were without privilege.

29. Defendants' actions were intentional.

30. As a direct and proximate result of the Defendants' actions, Plaintiff was confined and suffered compensable injuries.

### Count III
### Battery
### Brought under the New Mexico Tort Claims Act

31. During the encounter, Defendants grabbed Plaintiff by his arms and escorted him outside the movie theater.

32. Once the Defendants and the Plaintiff were outside of the theater, Defendants searched the Plaintiff.

33. The Defendants' acts were intentional.

34. The Defendants' acts were without privilege or Plaintiff's consent.

35. As direct and proximate result of the Defendants' acts, Plaintiff has suffered compensable damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays that the Court award him:

A. Compensatory damages in an amount to be determined at trial;

B. Attorneys fees and costs incurred in prosecuting this lawsuit; and

C. Any other relief that the Court deems fair and just.

Respectfully Submitted,

JOHN R. HAKANSON, P.C.

_____
Miguel Garcia
307 11th Street
Alamogordo, NM 88310
(575) 437-2874
(575) 434-9794 (fax)

# THE LAW OFFICES OF
# JOHN R. HAKANSON, P.C.

307 EAST 11TH STREET  
ALAMOGORDO, NEW MEXICO 88310

TELEPHONE (575)437-2874  
FACSIMILE (575)434-9794

JOHN R. HAKANSON    LICENSED IN NEW MEXICO & KANSAS  
MIGUEL GARCIA    LICENSED IN NEW MEXICO  
MARIELLA B. PORTER    LICENSED IN NEW MEXICO & LOUISIANA  
JEARL R. LINDLEY, OF COUNSEL    LICENSED IN NEW MEXICO & TEXAS



August 25, 2008

Steve W. Brockett, Mayor  
Renee Cantin, City Clerk  
1376 East Ninth Street  
Alamogordo, New Mexico 88310

     RE:    Notice of Tort Claim

Dear Mr. Brockett and Ms. Cantin:

     Please be advised that this law firm represents Matthew St. John in regards to the claim that he possesses against Officer David McColley and six unknown officers of the Alamogordo Department of Public Safety.

     On June 27, 2008, Mr. St. John entered the Aviator 10 Theater in Alamogordo to watch a movie. Mr. St. John was wearing, in plain view, a handgun that was holstered on his belt. After the firearm was seen by other customers, a complaint was made to the theater management about the presence of the firearm. In response, the theater manager, Robert Zigmond, contacted DPS and reported that a customer was in possession of a firearm on the premises.

     After Officer McColley arrived at the theater, he was directed to the theater in which Mr. St. John was watching a movie. McColley and six other officers made contact with Mr. St. John and confirmed he had a firearm. Once they confirmed the presence of the firearm, they ordered Mr. St. John to stand up with his hands in sight. They then seized Mr. St. John by his arms and physically removed him from the building. Once Mr. St. John was outside of the building, the officers conducted an invasive pat-down search of Mr. St. John and began to question him in regards to his possessing a firearm. During the questioning, the officers made allegations that a child or someone could get a hold of the weapon and use it to hurt themselves or someone else. Further, Mr. St. John was asked ten to fifteen times why he had a weapon.

     This entire ordeal was witnessed by Mr. St. John's acquaintance, the theater manager, and numerous theater customers. Even with this in mind, McColley drafted a fabricated police report in which he claimed that the encounter was consensual. Further, McColley misrepresented the fact that



PLAINTIFF'S EXHIBIT A

there were six other officers on scene and that two of them grabbed Mr. St. John by his arms and escorted him out of the building.

Based upon the facts of this case, it is patently clear that Mr. St. John's rights to be free from unreasonable searches and seizures were violated by McColley and the other six officers of the DPS. At no time during the incident or in his report did McColley claim that he believed that Mr. St. John was in violation of any statute or ordinance. Further, it was absolutely unnecessary for McColley to seize, search, and question Mr. St. John if his true intent was to advise him that the management did not want firearms on the premises.

Please take notice that Mr. St. John intends to file a lawsuit against McColley and the six unknown officers of the DPS. At this time, however, I am authorized to settle this issue for $15,000.00 in exchange for Mr. St. John's promise to release the officers from liability. This offer is open until September 8, 2008 at noon. Should I not hear from the officers or their attorneys by then, I am directed to file suit against the officers.

Further, in anticipation of litigation, please preserve all evidence relevant to this lawsuit including but not limited to the following:

- All video and audio tape recordings of the incident;

- All written notes or memoranda concerning the incident;

- The original phone call to the police dispatch center;

- The original radio recording concerning the incident; and

- All documents created as a result of Mr. St. John and his firearm being ran through the National Crime Information Center database.

I look forward to hearing from you in regards to this issue. Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Miguel Garcia

MG/jsp